UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAHEEM FISHER

                           Plaintiff,

  -against-

THE CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT, POLICE OFFICERS ROB KASTEARD
SHIELD 21900, TAX REG. 947121 AND POLICE OFFICER
ASGAR ALLY SHIELD 22982, TAX REG. 946733 AS
POLICE OFFICERS AND INDIVIDUALLY

                         Defendant(s).
------------------------------------------------------------------------X

**AMENDED**
**VERIFIED COMPLAINT**
**12-CV-2181 (RRM) (VVP)**

INDEX NO.

      Plaintiffs Raheem Fisher by his attorney Royce Russell of Emdin & Russell, LLP for their complaint allege as follows:

## NATURE OF CLAIMS

1) Plaintiff seek redress pursuant to 42 U.S.C. Section 1983 and 1988 et seg., for violation of rights secured by the First, Fourth, Sixth, Eighth Amendments and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

2) Plaintiff also seek redress under Article 1, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiff by Defendant through Assault, Battery, Illegal Search and Seizure, Abuse of Process, Abuse of Power and Authority, Conspiracy, Fabrication of Evidence and Prima Facie Tort.

3) Plaintiff seek damages, both compensatory and punitive, affirmative and equitable relief an award of costs, interest and attorney's fees and such other further relief as this court deems equitable and just.

4) Due to outrageous and intentional acts of Police Misconduct, Plaintiff was exposed to excessive and unwarranted force upon the Plaintiff exercising his First Amendment Right, Freedom of Speech.

## JURISDICTION

5) This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a).

6) Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of Staten Island, State of New York.

## JURY TRIAL DEMANDED

7) Plaintiff demand a trial by jury of claims pleaded herein.

## PARTIES

8) Plaintiff, Raheem Fisher is a United States Citizen and Resident of the City of New York, County of Kings, and State of New York.

9) Defendant Police Officer John Doe is a Police Officer employed by the City of New York and New York Police Department and is still currently employed by said same.

10) The aforementioned Defendant Police Officer was at all times relevant herein duly appointed and acting officer, servant, employee, and agent of the New York Police Department, a municipal agency of the City of New York. The aforementioned named Defendant Police Officer is also being sued individually.

11) At all time relevant herein, the aforementioned named Defendant Police Officer was acting under color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of New York, and the New York City Police Department, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York New York City Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of his duties. At all times relevant herein, the aforementioned named Defendant Police Officer was acting for and on behalf of the City of New York Police Department, with the power and authority vested in him an officer, agent, servant and employee of the City of New York Police Department, a municipal agency of the City of New York. The Defendant City of New York is liable for all the Causes of Action mentioned herein based on the principle of Respondeat Superior, as well as other principles articulated herein.

## PRELIMINARY FACTS

12) Plaintiff has complied with all conditions precedent to commencing this action and, in particular, on or about February 19, 2010, within ninety (90) days after the claim upon which this action is based, Plaintiff duly served upon the Defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-h of the New York State General Municipal Law.

13) More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the Defendants.

14) This action is being commenced within statutory time period after the happening of the event upon which this claim is based.

15) A 50-h hearing was conducted by the Defendants on July 13, 2010.

## STATEMENT OF FACTS

16) Plaintiff and brother, Raheem Fisher were arrested for theft of services on or about January 30, 2010 at the location of Jamaica train station in Queens, New York at approximately 5:00 p.m.

17) Upon said arrest the named Defendant herein used excessive force during and after the arrest of Plaintiff's brother Rasheen Fisher.

18) Plaintiff upon objecting to how his brother was being treated was head-butted by the Defendant and thrown to the ground.

19) Prior to this unwarranted and excessive force Defendant was informed that Plaintiff suffered from cerebral palsy but this information did not stop the Defendant from using excessive force.

20) Defendant, not only head-butted the Plaintiff, but also put his knee in Plaintiff's back after throwing him to the ground.

21) Plaintiff bleed and suffered injury to his recently replaced hip, which further reduced Plaintiff's mobility.

22) But for Plaintiff's objections as to the use of excessive force upon his brother, Plaintiff did not engage in any behavior that warranted physical contact by the Defendant.

23) The conduct of the Defendant in assaulting and battering Plaintiff, proximately caused Plaintiff serious and permanent emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

24) All conduct of the Defendant herein were gross, willful, wanton, intentional, purposeful and reckless, negligent and careless.

## FIRST CLAIM OF RELIEF
## 42 U.S.C. 1983

25) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "24" of this complaint with the same force and effect as if more fully and at length set forth herein.

26) By the aforesaid acts, Defendant violated Plaintiff's rights to the equal protection of laws

under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

27) The conduct and actions of the named Defendant Police Officer, and the Defendant City of New York, acting under color of law, assaulting and battering Plaintiff, was done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional Rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiff of rights including, but not limited to, his rights under the First and Fourth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and the Eight Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

28) By reason of the Constitutional violations by the Defendant, Plaintiff has been damaged as set forth above.

## SECOND CLAIM FOR RELIEF
## NEW YORK CONSTITUTION
## ART. I, 11

29) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "28" of this complaint with the same force and effect as if more fully and at length set forth herein.

30) By the aforesaid acts, Defendant have violated Plaintiff's right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

31) The conduct and actions of the named Defendant Police Officer, and Defendant City of New York, acting under color of law, in assaulting and battering Plaintiff, was done intentionally, maliciously and/or with a reckless disregard for the natural probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under law and Constitution of the State of New York. The above described actions and omissions engaged in under color of state law by the named Police Officer Defendant, including Defendant City of New York, sued as a person within the meaning of Article I, 11 deprived the Plaintiff of rights, including but not limited to, their rights under Article I, 8, 9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

32) By reason of the Constitutional violations by Defendant, Plaintiff has been damaged as set forth above.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

33) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "32" of this complaint with the same force and effect as if more fully and at length set forth herein.

34) The above described injuries suffered by the Plaintiff is the proximate result of the negligence of the Defendant New York Police Department, in that the Defendant City of New York and the New York City Police Department failed to exercise reasonable care in the hiring, employment, supervision and training of its employees.

35) The Defendant City of New York and the New York City Police Department had, or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendant.

36) Defendant City of New York, and the New York City Police Department knew or should have known of the unlawful actions of the named Police Officer Defendant, through actual and constructive notice, of their unlawful activities, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendant City of New York, and New York City Police Department failed to exercise reasonable care by retaining and not terminating the employment of the named Police Officer Defendant or taking other appropriate action. The occurrence complained of herein was due to the negligence and recklessness of the Defendant City of New York and the New York City Police Department.

37) By reason of the tortuous conduct of Defendant, Plaintiff has been damaged as set forth above.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE

38) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "37" of this complaint with the same force and effect as if more fully and at length set forth herein.

39) By the aforesaid acts, Defendant unlawfully and unjustifiably used unwarranted, unnecessary excessive physical force against Plaintiff without any lawful cause whatsoever. Defendant acted willfully, unlawfully, maliciously, recklessly and negligently used physical force against the Plaintiff despite Plaintiff's cooperation and not engaging in any physical confrontation with the Defendant.

40) The Defendant's tortuous conduct as set forth above herein directly resulted in the Plaintiff being beaten.

41) By reason of the Defendant's tortuous conduct, Plaintiff has been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF
## PRIMA FACIE TORT

42) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "41" of this complaint with the same force and effect as if more fully and at length set forth herein.

43) In assaulting and battering Plaintiff, Defendant acted with malicious intent, recklessness and negligence to injure and harm Plaintiffs.

44) By reason of the tortuous conduct of Defendant, Plaintiff has been damaged as set forth above.

45) For all claims under New York State Law, Defendant are jointly and severally liable to the Plaintiff in as much as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

## SIXTH CLAIM FOR RELIEF
## ASSAULT

46) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "45" of this complaint with the same force and effect as if more fully and at length set forth herein.

47) By the aforesaid acts, Defendant has caused physical harm and injury upon the person of the individual Plaintiff named in the compliant herein. Defendant acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiff's person, through the violent use of head-butt and knees, thrown to the ground and/or onto the concrete, and other abusive physical acts.

48) By reason of the tortuous conduct of Defendant, Plaintiff has been damaged as set forth above.

## SEVENTH CLAIM FOR RELIEF
## BATTERY

49) Plaintiff repeats and re-alleges every assertion contained in paragraphs "1" through "48" of this complaint with the same force and effect as if more fully and at length set forth herein.

50) By the aforesaid acts, Defendant has caused physical harm and injury upon the person of the individual Plaintiff named in the compliant herein. Defendant acted willfully, unlawfully, maliciously, recklessly, unjustifiably, negligently, in the use of excessive

    force upon the Plaintiff's person, through the violent use of head-butt and knees, thrown to the ground and/or onto the concrete, and other abusive physical acts.

51) By reason of the tortuous conduct of Defendant, Plaintiff has been damaged as set forth above.

WHEREFORE, Plaintiff respectfully request judgment upon all causes of action against Defendants as follows:

1. With respect to Defendant The City of New York; and New York City Police Department

   (a) Declaratory judgment declaring that Defendant City of New York and New York City Police Department has violated the aforesaid statues and constitutions.

   (b) Restitution to Plaintiff of his rights, privileges, benefits and income which would have been received by him but for the Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

   (c) Compensatory damages in an amount to be determined by the court and jury;

   (d) Punitive damages in the amount to be determined by the court and jury

   (e) Reasonable attorney's fees, disbursements and costs of this action, pursuant to U.S.C. Section 1988;

   (f) All legal and statutory interest on sums awarded

   (g) Such other and further relief as this honorable court may deem just, proper and equitable

2. With respect to each Police Officer Defendant;

   (a) Declaratory judgment declaring that the Defendant has violated the aforesaid statues and constitutions;

   (b) Restitution to Plaintiff of his rights, privileges, benefits and income which would have been received by them but for Defendant's unlawful, wrongful, tortuous, and unconstitutional conduct.

   (c) Compensatory damages in an amount to be determined by the court and jury;

   (d) Punitive damages in an amount to be determined by the court and jury;

   (e) Reasonable attorney's fees, disbursements, and costs of this action, pursuant to 42 U.S.C. Section 1988;

    (f)  All legal and statutory interest on sums awarded.

Dated:   New York, New York  
        November 9, 2012                      Emdin & Russell, LLP.  
                                              Royce Russell, Esq. (RR6961)  
                                              Attorneys for Plaintiffs  
                                              286 Madison Avenue Ste 2002  
                                              New York, New York 10017  
                                              (212) 683-3995

## **ATTORNEY'S VERIFICATION**

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:  New York, New York
        November 9, 2012

                                                    _____
                                                    By: Royce Russell, Esq. (RR 6961)